IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| HOPE HARRINGTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 4:19-cv-00531-JJV |
| | * | |
| ANDREW SAUL, Commissioner, | * | |
| Social Security Administration , | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Hope Harrington, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite her impairments. (Tr. 98-107.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review, for the following reasons, I find this matter should be remanded to the Commissioner for further development of the record.

Plaintiff is fifty years old. (Tr. 106.) She completed high school and attended college for one year. (Tr. 208.) Ms. Harrington has a strong work history and has past relevant work as a postmaster and route carrier for the United States Postal Service. (Tr. 106.)

The ALJ[1] first found Ms. Harrington had not engaged in substantial gainful activity since July 17, 2015 – the alleged onset date. (Tr. 100.) The ALJ found she had "severe" impairments in the form of Lyme disease and seizure disorder. (*Id.*) The ALJ further found Ms. Harrington did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 101.)

The ALJ next determined that Ms. Harrington had the residual functional capacity to perform the full range of light work but with some minor limitations due to her seizure disorder. The ALJ also found she was limited to work where interpersonal contact is limited, the complexity of tasks can be learned and performed by rote, with few variables, and little judgment and the supervision required is simple, direct, and concrete. (*Id.*) The ALJ concluded Ms. Harrington

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

could no longer perform her past relevant work, so he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Ms. Harrington could perform despite her impairments. (Tr. 219-221.)  Given the vocational expert's testimony, the ALJ determined Ms. Harrington could perform the jobs of office helper and storage facility rental clerk. (Tr. 107.) Accordingly, the ALJ determined Ms. Harrington was not disabled. (*Id.*)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

Plaintiff has raised a number of issues in her Brief. (Doc. No. 11.)  Although somewhat a close call, I find two of her arguments merit remanding this case for further development of the record.

First, I agree that Plaintiff's lupus should be considered a "severe" impairment. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). A non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work

situations; and
(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

Thomas M. Kovaleski, M.D., reports Plaintiff's lupus is "moderate-severe." (Tr. 76.) He also states that "the problem is worsening." (*Id.*) There is ample medical evidence to support Ms. Harrington's claims that her lupus is a longstanding, "severe" impairment. (Tr. 682, 694-695.) And while the Commissioner in her brief provides some persuasive points in the support of the Commissioner's decision, (Doc. No. 14 at 12-14), the ALJ only stated, "There is no lab work or other objective evidence to support a conclusive diagnosis after the alleged onset date. There is insufficient evidence to assess the severity of these alleged impairments." (Tr. 100.) Being mindful that some of this evidence was only submitted to the Appeals Council and not before the ALJ, there is certainly some objective evidence to support Plaintiff's allegation here. Accordingly, I find the Commissioner's decision on this point to be lacking substantial evidence.

Additionally, I find the Commissioner's decision flawed with regard to Ms. Harrington's shoulder impairment. The ALJ stated:

> In July 2016, the claimant complained of some right shoulder pain. She reported having a torn labrum from a remote injury while working for the post office. She allegedly could not have surgery due to a bleeding disorder. Upon examination, she had a limited range of motion. He mentioned during [*sic*] further work-up. There is no other information concerning the shoulder injury. The claimant failed to mention it at the hearing.

(Tr. 104.)

Plaintiff submitted to the Appeals Council a record of her "MRI left shoulder without contrast." (Tr. 22.) Although the date of the examination post-dates the date of the ALJ's decision, it clearly supports her allegations recited by the ALJ and calls into question whether the "ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence

deemed material by the Appeals Council that was not before the ALJ." *Mackey v. Shalala*, 47 F.3d 951, 952 (8th Cir. 1995). Additionally, the MRI results indicate Plaintiff's shoulder impairment is chronic in nature, so this evidence relates to the period in question. (Tr. 22.) With regard to Plaintiff having "failed to mention it at the hearing," I find she sufficiently complained about her physical limitations (Tr. 209-210) and pain in her shoulder (Tr. 218).

After careful review of the record, I find the Commissioner's decision must be remanded for further development of the record. Although the Commissioner correctly points out some good reasons to support the ALJ's determination, (Doc. No. 14), his decision is not supported by substantial evidence on these two points. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should address the limitations recognized by Dr. Reichstein and reconsider Plaintiff's residual functional capacity.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

DATED this 19th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE